**ALEXANDER & ALEXANDER OF TEXAS, INC., Appellant,**

v.

**BACCHUS INDUSTRIES, INC., and U.S. Insurance Group, Appellees.**

No. 08–86–00360–CV.

Court of Appeals of Texas, El Paso.

April 20, 1988.

Rehearing Denied May 18, 1988.

Malcolm Harris, Yvonne K. Puig, Grambling & Mounce, El Paso, Robert Goodfriend, Akin, Gump, Strauss, Hauer & Feld, Dallas, for appellant.

Jim Curtis, Kemp, Smith, Duncan & Hammond, Sam Snoddy, El Paso, for appellees.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a trebled damage judgment of $694,606.22 under Article 21.-21 of the Texas Insurance Code. We reverse and remand.

Plaintiff was a designer, manufacturer and marketer of fiberglass evaporative coolers. It carried several insurance policies through the Agent/Defendant, including a computer-word processor policy.

On June 2, 1983, a fire on the premises destroyed the Plaintiff's computer. A dispute arose over whether the policy was current in payment of premiums or had lapsed. The jury found that the premiums had been paid. They further found that the agent engaged in unfair and deceptive acts, practices and misrepresentations in regard to the policy.

There are some forty-one points of error proclaimed, but the controlling one is Point of Error No. Eighteen. Number Eighteen complains of the trial court erring in refusing to instruct the jury that the Defendant/Agent was not liable for those damages caused by Plaintiff's failure to mitigate its damages.

The requested instruction refused by the trial court was as follows:

*"Avoidable consequences."*

You are instructed that a Plaintiff must exercise reasonable care to lessen or mitigate the damages on issues flowing from an event, if any. A Plaintiff's damages may not be caused by another person's conduct to the extent, if any, that a Plaintiff fails to exercise such reasonable care.

The requested instruction was duly marked "refused" and ostensibly signed by the trial judge on August 8, 1986 According to the court reporter's dated statement of facts, objections to the charge were made on August 8, 1986, including an objection to the omission of the instruction by the Defendant/Agent. The record discloses the attorney for the Defendant/Agent made reference to submission of the proposed instruction and stated, "and we submit it to the court in writing, and it is before the court on the bench." This transaction preceded the reading of the charge to the jury. However, the court reporter indicates the charge was read to the jury on August 7, 1986. The court's charge bears a filing date of August 7, 1986.

■ We do not know which dates are correct, but we believe Tex.R.Civ.P. 276 commands. It provides that when there is a refused instruction, so endorsed, it shall constitute a bill of exceptions. It shall be conclusively presumed that it was presented at the proper time, was excepted to, met all lawful requirements and allows review without preparing a formal bill of exceptions.

■ The Defendant had properly pled the matter. *Securities Credit Corporation v. White*, 346 S.W.2d 413 (Tex.Civ. App.—Amarillo 1961, no writ.). The law seeks to avoid economic waste by denying the wronged party a recovery for such losses as he could have reasonably avoided. Where evidence raises the issue, the jury should be appropriately instructed. *Moulton v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444 (Tex.1967); *Cook Consul-*

**254**

*tants, Inc. v. Larson,* 700 S.W.2d 231 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). The requested instruction is substantially the same as that approved in *Cook Consultants,* 700 S.W.2d at 238.

The jury's award of damages was based upon the Plaintiff's inability to use its essential computer software. This software controlled the incidents of payment of accounts and the ordering and manufacturing of the items. This vital software was not compatible to the computer that the Plaintiff obtained after the fire. The evidence disclosed the following:

1. Soon after the fire, Plaintiff received $285,000.00 from the general fire insurance policy, but did not buy or lease a compatible computer.

2. In October or November of 1985, Plaintiff obtained a $1,000,000.00 line of credit, but did not buy or lease a compatible computer.

3. Plaintiff leased incompatible equipment, despite the fact that such leasing increased costs by 35% over buying a computer, and rendered Plaintiff's existing software useless.

4. In July, 1983, the exact computer Plaintiff used before the fire was available from dealers.

5. Plaintiff performed functions manually, rather than by computer, despite the fact that the manual method increases the probability of error.

6. The computer used before the time of the fire was still being manufactured at the time of the fire.

7. According to the jury verdict, Plaintiff incurred $166,000.00 in lost man-hours, apparently because it had no compatible computer.

8. Plaintiff suffered a "loss of software" in the amount of $8,000.00 because it leased incompatible computer equipment, even though the value of the incompatible leased computer, which Plaintiff later bought, was about $24,000.00. The compatible computer could have been replaced for approximately $25,854.00.

9. The jury found that the Plaintiff expended $166,000.00 in lost man-hours to manually perform work that the computer had done, despite the fact that a new computer could have been purchased outright at a cost of only $25,854.00.

10. Plaintiff could have modified the software for the compatible computer to operate on the computer leased for a cost of $6,000.00 to $8,000.00. Although such modification would not have been difficult, it was not performed.

Point of Error No. Eighteen is sustained. Judgment of the trial court is reversed and the cause is remanded.