Ron PINSON, Appellant,

v.

RED ARROW FREIGHT LINES, INC.,
and Carolina Freight Corporation,
Appellees.

No. 3–90–135–CV.

Court of Appeals of Texas,
Austin.

Dec. 19, 1990.

Don Busby, Temple, for appellant.

Charles Herring, Jr., Jones, Day, Reevis & Pogue, Austin, Bruce Burleson, and Bowmer, Courtney, Burleson, Normand & Moore, Temple, for appellees.

Before SHANNON, C.J., and ABOUSSIE and JONES, JJ.

SHANNON, Chief Justice.

Appellant Ron Pinson complains of the judgment of the district court of Bell County rendered after a jury trial. By its judgment, the district court ordered that Pinson recover $8,916.66 from appellee Red Arrow Freight Lines, Inc. for its violation of the Deceptive Trade Practices Act. Pursuant to the answers of the jury, the district court further rendered judgment that Pinson recover no attorney's fees.

Pinson and Red Arrow entered into an agreement by which Pinson would serve as Red Arrow's agent, or terminal manager, for its shipping business in Bell and Milam Counties. Pinson claimed, among other things, that Red Arrow promised him the exclusive business of several clients in that service area and that, once he had established his operation, neither Red Arrow nor any of its subsidiaries would venture into those two counties without compensating

him. Pinson asserted further that he was guaranteed a minimum level of income from this operation when, in fact, it was a money-losing venture. Pinson alleged that Red Arrow's failure to carry out these promises violated the DTPA and was a producing cause of his losses.

The jury determined that Red Arrow's actions were a producing cause of Pinson's damages. On the other hand, the jury answered that Pinson failed to mitigate his damages and, that had he taken steps to mitigate, his losses would have been completely avoided.[1]

Red Arrow moved for judgment that Pinson take nothing. Red Arrow grounded its motion upon the jury's answers to the questions concerning Pinson's failure to mitigate. The district court overruled Red Arrow's motion for judgment.

As the appeal reaches this Court, Pinson claims error by the court in failing to render judgment awarding him attorney's fees and Red Arrow asserts by cross-point that the court erred in rendering judgment for Pinson in light of the jury's determinations on the mitigation questions. We have concluded that Red Arrow's cross-point is dispositive of the appeal.

■ The question for resolution is whether a consumer under the DTPA owes a duty to mitigate his damages and, if he does, what are the consequences if the duty is breached.

In a DTPA suit, the prevailing plaintiff is entitled to "actual damages." Tex.Bus. and Com.Code § 17.50(b)(1) (1987). "Actual damages" are defined as those damages recoverable at common law. *W.O. Bankston Nissan v. Walters*, 754 S.W.2d 127, 128 (Tex.1988); *Brown v. American Transfer and Storage Co.*, 601 S.W.2d 931, 939 (Tex.1980); *Great State Petroleum v. Arrow Rig Service*, 706 S.W.2d 803, 807 (Tex.App.1986), *aff'd*, 714 S.W.2d 429 (1986). The common law recognizes a duty on the part of an injured party to mitigate his damages. *Hycel, Inc. v. Wittstruck*, 690 S.W.2d 914, 924 (Tex.App.1985, writ dism'd); *Town East Ford Sales v. Gray*, 730 S.W.2d 796 (Tex.App.1987, no writ). Accordingly, we conclude that a claimant under the DTPA, likewise, owes a duty to minimize his losses.

■ When an injured party fails to comply with the duty to mitigate damages, recovery is not permitted as to that part of damages that could have been avoided or was incurred as a result of the failure to mitigate. *Alexander and Alexander v. Bacchus Industries*, 754 S.W.2d 252, 253 (Tex.App.1988, writ denied); *R.A. Corbett Transport v. Oden*, 678 S.W.2d 172, 176 (Tex.App.1984, no writ); *Henderson v. Otto Goedecke, Inc.*, 430 S.W.2d 120, 123

---

1. The court submitted the matter of mitigation by questions 14 and 15:

QUESTION NO. 14

DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT RON PINSON FAILED TO EXERCISE REASONABLE CARE AND DILIGENCE TO AVOID OR MINIMIZE HIS DAMAGES, IF ANY?

IN CONNECTION WITH THIS QUESTION, YOU ARE INSTRUCTED THAT A PERSON IS REQUIRED TO EXERCISE REASONABLE CARE AND DILIGENCE TO AVOID LOSS AND TO MINIMIZE THE CONSEQUENCES OF DAMAGES. IF WITH REASONABLE CARE AND DILIGENCE HE CAN DO SO, HE MUST PROTECT HIMSELF FROM THE INJURIOUS CONSEQUENCES OF THE ACT OF ANOTHER. AND IF HE FAILS TO DO SO AND BY REASON OF HIS FAILURE, HIS DAMAGES BECOME AGGRAVATED, HE MAY NOT RECOVER FOR SUCH PART OF THE DAMAGES AS MAY BE ATTRIBUTED TO HIS OMISSION TO TAKE PREVENTIVE MEASURES AND HIS RECOVERY WILL BE LIMITED ONLY TO THOSE DAMAGES THAT WOULD HAVE RESULTED HAD HE FULFILLED HIS DUTY.

ANSWER "YES" OR "NO".

ANSWER: YES

IF YOU HAVE ANSWERED "YES" TO QUESTION NO. 14, ANSWER QUESTION NO. 15, OTHERWISE, DO NOT ANSWER QUESTION NO. 15.

QUESTION NO. 15

WHAT AMOUNT, IF ANY, WOULD HAVE BEEN THE DAMAGES, IF ANY, SUFFERED BY RON PINSON, IF HE HAD EXERCISED REASONABLE CARE AND DILIGENCE TO AVOID OR MINIMIZE HIS DAMAGES?

ANSWER IN DOLLARS AND CENTS, IF ANY

ANSWER: $ NONE

(Tex.Civ.App.1968, writ ref'd n.r.e.). The burden of proof with respect to whether the plaintiff failed to mitigate and the extent to which his failure to mitigate caused or increased the damages, is upon the party who caused the loss. *Town East Ford v. Gray,* 730 S.W.2d at 806; *Cocke v. White,* 697 S.W.2d 739, 744 (Tex.App.1985, writ ref'd n.r.e.); *United Furniture and Appliance v. Johnson,* 456 S.W.2d 455, 459 (Tex. Civ.App.1970, no writ).

■ In the instant appeal, the jury determined that Pinson failed to mitigate his damages and that, had he done so, he would have suffered no loss. Accordingly, Pinson was not entitled to a judgment for damages. We sustain Red Arrow's cross-point.

The judgment is reversed and judgment is here rendered that Pinson take nothing.