**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**
_____

No. 95-21013
Summary Calendar
_____


ROCO PARTNERS,
Assignee of the Federal Deposit
Insurance Corporation,

Plaintiff-Appellee,

VERSUS


CLARK A. McCOLLOUGH, et al.,

Defendants,

CLARK A. McCOLLOUGH,

Defendant-Third Party
Plaintiff-Appellant,

VERSUS

CHRYSLER REALTY CORPORATION,

Third Party Defendant-
Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-93-CV-873)
_____

October 29, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Clark McCollough appeals a summary judgment in favor of the Federal Deposit Insurance Corporation ("FDIC"). Finding no error, we affirm.

I.

The FDIC, as successor to a failed lender, sued McCollough and other co-guarantors on a written guaranty agreement following a default by the maker of the underlying promissory note.[1] After rejecting each of McCollough's defenses against enforcement of the guaranty, the district court granted the FDIC's motion for summary judgment.

We review a grant of summary judgment *de novo*. *Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 967 (5th Cir. 1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

McCollough first asserts that the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] McCollough had been an investor in Double LL Investments, Inc., the maker of the note.

granting summary judgment because he raised a genuine factual issue regarding whether the FDIC impaired the collateral by refusing to liquidate it promptly after default. Notwithstanding McCollough's express waiver of this defense in the Guaranty Agreement,[2] he contends that the guaranty does not waive his common law defense of impairment of collateral. We disagree that McCollough's waiver of impairment under the guaranty is incomplete, but, even assuming such incompleteness, Texas does not recognize such a common law defense. *See FDIC v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990) (holding that a secured creditor does not owe a guarantor a duty of good faith that would require the creditor to liquidate its security promptly after default by the debtor to minimize the guarantor's liability for any deficiency).[3]

McCollough also argues that the Texas Business and Commerce Code confers upon the FDIC a statutory obligation not to impair the collateral. *See* TEX. BUS. & COM. CODE ANN. § 3.606 (Vernon 1994).[4]

---

[2] The Guaranty Agreement provides: "IV. Guarantors agree that the liability of Guarantors hereunder shall not be in anywise released, diminished, impaired, reduced or affected by . . . D. Any neglect, delay omission, failure, or refusal of Lender to take or prosecute any action in collection of any said indebtedness or to foreclose or take or prosecute any action in connection with any lien, right or security existing or to exist in connection with or as security for any of said indebtedness."

[3] McCollough's citations to *Pinson v. Red Arrow Freight Lines*, 801 S.W.2d 14 (Tex. App.§§Austin 1990, no writ), and *Gideon v. Johns-Manville Sales Corp.*, 761 F.2d 1129 (5th Cir. 1985), are inapposite. They deal with, respectively, the damages mitigation requirement under the Texas Deceptive Trade Practices Act and a cigarette smoker's duty to minimize his health damages by following the expert recommendations of his physicians.

[4] "(a) The holder discharges any part to the instrument to the extent that without such party's consent the holder . . . (92) unjustifiably impairs any
(continued...)

3

This argument is infirm, however, because McCollough is not a "party" to the note securing the collateral, *see Simpson v. MBank Dallas, N.A.*, 724 S.W.2d 102, 105 (Tex. App.SSDallas 1987, writ ref'd n.r.e.) (noting that the guarantor of a promissory note is not a proper party under the Code section), nor is the Guaranty Agreement an "instrument," as such term is defined in TEX. BUS. & COM. CODE ANN. § 3.102(a)(5), *see id; Cortez v. National Bank of Commerce*, 578 S.W.2d 478-89 (Tex. Civ. App.SSCorpus Christi 1979, writ ref'd n.r.e.). Hence, no such protections attach under § 3.606.

## II.

Finally, McCollough challenges the award of attorneys' fees. He notes correctly that the court did not use the lodestar method to calculate fees, but where, as in the instant case, attorneys' fees are provided for by contract,[5] McCollough's objection to the reasonableness of the fees should be raised as an affirmative defense. *See Texas Airfinance Corp. v. Lesikar*, 777 S.W.2d 559, 563 (Tex. App.SSHouston [14th Dist.] 1989, no writ). To make a showing that the contractual fees would be unreasonable, McCollough

---

[4](...continued)
collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse."

[5] The note at issue provides: If the note "shall be placed in the hands of an attorney for collection, the undersigned agrees to pay no less than 10 percent of all unpaid principal and interest as reasonable attorney's fees or collection fees."

was required to plead both that they were unreasonable and that a lesser amount would be reasonable under the circumstances. *See F.R. Hernandez Constr. & Supply Co. v. National Bank of Commerce*, 578 S.W.2d 675, 677 (Tex. 1979). McCollough did not make any such showing in the district court, so he has failed to raise a genuine issue sufficient to preclude summary judgment.

McCollough next challenges the fee award on the basis of a typographical error entered by the district court, which error caused the fees to appear as $1,700,000 instead of the appropriate $170,000. Both parties agree that $170,000 is the proper amount, and each agrees that this amount was reported correctly on the October 26, 1995, final judgment.

Subsequent to McCollough's filing of a notice of appeal, the FDIC filed, in aid of the appeal, a motion for clarification of the order . This motion was not filed timely under FED. R. CIV. P. 59, nor did the FDIC obtain leave of this court pursuant to FED. R. CIV. P. 60(a). Notwithstanding its questionable jurisdiction, the district court amended its October 26 Final Judgment in response to the FDIC's motion for clarification. It was in this Amended Final Judgment of March 28, 1996, that the court erred in noting an attorneys' fees award of $1,700,000.

Because McCollough does not contest that the original and valid judgment stated correctly the $170,000 fee award, we need not decide whether the district court lacked jurisdiction to enter the

5

amended final judgment. *See Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (5th Cir. 1991) (noting that, even after the filing of a notice of appeal, a district court does not lose jurisdiction to proceed as to matters in aid of appeal.) Rather, we hold only that the FDIC is entitled to enforce the October 26 award of $170,000.

AFFIRMED.