Affirmed as Modified and Memorandum Opinion filed August 23, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00065-CV

___________________

 

Dorothy Baber, Appellant

 

V.

 

James Pigg, Individually and A-1 Vacuum
Center, Inc., Appellee



 



 

On
Appeal from the County Civil Court at Law No. 4

Harris County,
Texas



Trial Court Cause No. 940,473

 



 

 

MEMORANDUM OPINION

Appellant Dorothy Baber sued
appellees, James Pigg, individually, and A-1 Vacuum Center, Inc. for violations
of the Texas Deceptive Trade Practices Act (“DTPA”).  In 19 issues, Baber
claims the trial court erred in finding that (1) appellees did not breach an
implied warranty of merchantability, (2) she failed to mitigate damages under
the DTPA, and (3) Baber’s suit was groundless.  Finding the trial court erred
in determining Baber’s suit was groundless, we modify the trial court’s
judgment to delete the finding of groundlessness and the assessment of
attorney’s fees based on that finding.  We affirm the remainder of the
judgment.

I.                  
Factual and Procedural Background

A.               
Undisputed Facts

Baber took an old vacuum cleaner into A-1 Vacuum Center
for maintenance.  James Pigg, an employee of A-1, suggested she purchase a new
Riccar model 1500S.  On November 9, 2007, Baber purchased a new Riccar model
1500S vacuum cleaner.  She paid $564.99 for the vacuum, $14.99 for bags, and
sales tax for a total of $611.61.  Baber signed the sales receipt under a
statement that she “Received Merchandise in Good Order.”  Immediately below
Baber’s signature are the words, “All Sales Final.”  Over one month later, on
December 12, 2007, Baber returned the vacuum to A-1 and reported that the motor
emitted a burning smell.  Between November 9, 2007 and December 12, 2007, the
vacuum was used only once because Baber’s housekeeper was out of town.  Baber
did not use the vacuum cleaner, but was in the house when it was being used and
noticed the burning smell.  On December 15, 2007, A-1 installed a new motor in
the vacuum and returned it to Baber.  On December 29, 2007, after the vacuum
had been used once more, Baber returned the vacuum to the store again because
it was continuing to emit a burning smell.  When the vacuum was plugged in at
A-1 it did not work at all.  At that time, A-1 offered Baber a new vacuum
cleaner, but Baber refused A-1’s offer and requested a refund.

On February 19, 2008, Baber’s attorney sent a
“D.T.P.A. Notice Letter” to A-1 and Riccar America Inc., a.k.a. Tacony
Corporation, the manufacturer of the vacuum, offering to settle the dispute for
$611.61 plus attorney’s fees of $1,500.00.  On March 13, 2008, general counsel
for Tacony responded to the demand letter and offered to provide a new Riccar
1500S model to Baber at no cost to her.  On March 21, 2008, Baber’s attorney
sent a letter to Tacony rejecting its offer of a replacement vacuum.  

B.                
Justice Court

On October 27, 2008, Baber filed suit in the Justice
Court in Harris County alleging that A-1 and its employee, James Pigg, violated
the DTPA by (1) engaging in false, misleading, or deceptive acts, (2)
representing that goods or services have sponsorship, approval, status,
characteristics, ingredients, uses or benefits they do not have, (3)
representing that goods or services are of a particular standard, quality, or
grade, (4) representing that an agreement confers or involves rights, remedies,
or obligations it does not have, (5) representing that a warranty confers rights
or remedies it does not have, and (6) failure to disclose information about
goods or services with intent to induce the consumer into a transaction she
would not have entered had the information been disclosed.  Baber also alleged
that appellees breached an implied warranty of merchantability and implied
warranty of fitness for a particular purpose.  

On December 22, 2008, A-1 and Pigg filed an amended
answer and counterclaim in which they alleged the affirmative defenses of (1)
failure to mitigate damages, (2) exhibition of a product does not constitute a
warranty, (3) no reasonable opportunity to cure defect, (4) any representations
were mere puffing or opinion, (5) cause of action is not actionable under the DTPA,
and (6) the implied warranty of fitness for a particular purpose does not
apply.  Appellees asserted a counterclaim in which they alleged that Baber’s
suit was groundless in fact or law, brought in bad faith, or brought for the
purpose of harassment.

The Justice Court found in Baber’s favor and
determined that she should recover actual damages of $611.61 plus $4,000.00 in
attorney’s fees.  The court further found that appellees take nothing on their
counterclaim.  Appellees appealed to the County Civil Court at Law for a trial
de novo.

C.        County Court

The County Court held a trial de novo at which Ralph
and James Pigg and Baber testified.  Each of the parties’ attorneys testified
as to their fees.  The Piggs testified that they sold the vacuum cleaner to
Baber and that she signed a sales receipt stating that all sales were final. 
James Pigg testified that he explained to Baber that she could not return the
vacuum for a refund.  He further explained the manufacturer’s warranty and that
A-1 would honor the warranty if the vacuum did not work properly.  Baber
testified that she purchased the vacuum because James Pigg told her it was an
“excellent, top quality” vacuum.  She signed the sales receipt, which stated
that she received the goods in working order and that all sales were final. 
She testified that she did not receive any information about the manufacturer’s
warranty.  Baber’s attorney explained to the court that Baber brought strictly
a DTPA action, and that was the only basis under which she sought recovery. 
Baber’s attorney explained, “Warranty is two of our three DTPA theories.”  

The trial court entered judgment that Baber take
nothing on her claims.  The court further found that appellees proved their
entitlement to recovery on their counterclaim, and that appellees recover
$10,000.00 from Baber for attorney’s fees incurred in defending a groundless suit. 
The trial court made extensive findings of fact and conclusions of law.  The
court found that Baber purchased the vacuum for $661.61, that James Pigg
represented the vacuum was “top quality,” that Baber was provided with warranty
information at the time of the sale, and that the “All Sales Final” policy was
explained to her that she could not receive a refund for the vacuum.  When
Baber returned the vacuum the second time she was offered repair or replacement
of the vacuum, but refused and demanded a refund.  The court further found that
Baber refused offers of A-1 and the Tacony Corporation to replace the vacuum at
no cost to her.  In its conclusions of law, the court determined that Baber
failed to give appellees reasonable notice to cure the defect, Baber was not
entitled to a refund or her purchase price, any and all warranties regarding
the vacuum were made by the manufacturer, not appellees, Baber failed to
mitigate her damages, the representation that the vacuum was of “top quality”
was opinion or puffing, and appellees were entitled to recover their attorney’s
fees for defense of a groundless lawsuit.

II.  Discussion

Baber brings 19 issues challenging the trial courts
findings of fact and conclusions of law.  In each of her issues, she argues the
trial court misapplied the law, or the evidence is legally and factually
insufficient to support the findings or conclusions.  

A.               
Standards of Review

1.     
Conclusions of Law

Appellate courts must review a trial court’s
conclusions of law as a legal question.  BMC Software Belgium, N.V. v.
Marchland, 83 S.W.3d 789, 794 (Tex. 2002).  We review conclusions of law de
novo, without deference to the trial court’s judgment.  State v. Heal, 917
S.W.2d 6, 9 (Tex. 1996).  If the appellate court concludes that the trial court
erred in its conclusions of law, “but the trial court rendered the proper
judgment, the erroneous conclusion of law does not require reversal.”  BMC
Software, 83 S.W.3d at 794 (Tex. 2002). 

2.      Legal
Sufficiency

When reviewing a no evidence or legal sufficiency
challenge, we review the evidence in the light most favorable to the challenged
finding and indulge every reasonable inference that would support it.  City
of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005).  We credit favorable
evidence if a reasonable fact finder could and disregard contrary evidence
unless a reasonable fact finder could not.  Id.  The evidence is legally
sufficient if it would enable fair minded people to reach the same verdict
under review.  Id. at 827.  The trier of fact is the sole judge of the
witnesses’ credibility and the weight to be given to their testimony.  Id.
at 819.  

3.      Factual
Sufficiency

We apply the same standard of review to a trial court’s
fact findings as we do to a jury's findings.  Ortiz v. Jones, 917 S.W.2d
770, 772 (Tex. 1996).  In reviewing the factual sufficiency of the evidence, we
must examine the entire record, considering both the evidence in favor of, and
contrary to, the challenged findings.  See Maritime Overseas Corp. v. Ellis,
971 S.W.2d 402, 406–07 (Tex. 1998).  We set aside the trial court’s findings of
fact only if there is no probative evidence to support the finding.  Santa
Fe Petroleum, LLC v. Star Canyon Corp, 156 S.W.3d 630, 637 (Tex. App.—Tyler
2004, no pet.).

B.        Breach of the
Implied Warranty of Merchantability

In her first six issues, Baber contends the trial
court misapplied the law, or, the evidence was legally and factually
insufficient to support the trial court’s findings that appellees did not
breach the implied warranty of merchantability.

An implied warranty of merchantability applies in
every contract for goods unless specifically bargained out of the agreement.  Elliott
v. Kraft Foods North America, Inc., 118 S.W.3d 50, 56 (Tex. App.—Houston
[14th Dist.] 2003, no pet.).  An implied warranty of merchantability requires
the goods to be “fit for the ordinary purposes for which such goods are used.” 
Tex. Bus. & Com. Code Ann. § 2.314(b)(3).  To recover under the DTPA on a
breach of warranty, a plaintiff must show (1) consumer status, (2) existence of
the warranty, (3) breach of the warranty, and (4) the breach was a producing
cause of damages.  Elliott, 118 S.W.3d at 56.  

To show a breach of an implied warranty of
merchantability, Baber must show the goods were defective at the time they left
A-1’s possession.  See Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d
442, 444 (Tex. 1989).  In the context of an implied warranty of
merchantability, the word “defect” means a condition of the goods that renders
them unfit for the ordinary purposes for which they are used because of a lack
of something necessary for adequacy.  Id.  

The facts are undisputed that Baber purchased the
vacuum on November 9, 2007, that the vacuum was used once by Baber’s
housekeeper, and that when it was used it emitted a burning smell.  Baber did
not use the vacuum, and there is no evidence as to whether it was properly
used.  Baber argues the vacuum was clearly defective because “it was used once
to clean her house, and it emitted a burning smell.”  Baber did not testify to
the manner in which the housekeeper used the vacuum, nor did the housekeeper
testify.

Because Baber did not present evidence that the vacuum
was properly used, she did not meet her burden to prove that appellees breached
the implied warranty of merchantability.[1] 
Baber’s first six issues are overruled.

C.        DTPA Violations

In issues seven through fourteen, eighteen and
nineteen, Baber argues that appellees violated the DTPA by making actionable misrepresentations,
and the evidence is legally and factually insufficient to support the trial
court’s findings to the contrary.  Specifically, she argues that the evidence
showed appellees violated section 17.46 of the Texas Business and Commerce Code. 
Tex. Bus. & Com. Code § 17.46(b).  Baber further argues that the evidence
is legally and factually insufficient to prove appellees’ affirmative defense
of failure to mitigate damages.

In a DTPA suit, the prevailing plaintiff is entitled
to “actual damages.”  Tex. Bus. and Com. Code § 17.50(b)(1). “Actual damages”
are defined as those damages recoverable at common law.  W.O. Bankston
Nissan v. Walters, 754 S.W.2d 127, 128 (Tex. 1988).  Under mitigation
principles, the long-standing law of this state requires a claimant to mitigate
damages if it can do so with “trifling expense or with reasonable exertions.”  Great
Am. Ins. Co. v. North Austin Mun. Util. Dist. No. 1, 908 S.W.2d 415, 426
(Tex. 1995).  The duty to mitigate often is not dependent on an offer from the
wrongdoer.  A consumer may have the opportunity to mitigate her damages
immediately after the deceptive act or practice occurred, well before any DTPA
notice letter is sent or suit is filed.  Gunn Infiniti, Inc. v. O’Byrne,
996 S.W.2d 854, 857 (Tex. 1999).  A defendant may see the error of its ways
promptly after the deceptive or unconscionable act occurred and seek to
forestall all or at least some of the damages suffered by a consumer.  Id. 


When an injured party fails to comply with the duty
to mitigate damages, recovery is not permitted as to that part of damages that
could have been avoided or was incurred as a result of the failure to mitigate. 
Pinson v. Red Arrow Freight Lines, Inc., 801 S.W.2d 14, 15 (Tex.
App.—Austin 1990, no writ).  Under the doctrine of avoidable consequences, an
injured party with an otherwise valid cause of action who fails to mitigate his
damages may not recover those damages shown to have resulted from her failure
to use reasonable efforts to avoid or prevent the loss.  Id. at 15; Alexander
& Alexander of Texas, Inc. v. Bacchus Indus., Inc., 754 S.W.2d 252, 253
(Tex. App.—El Paso 1988, writ denied); see also Bank One, Texas, N. A. v.
Taylor, 970 F.2d 16, 29 (5th Cir. 1992).  One who claims a failure to
mitigate damages has the burden to prove not only lack of diligence on the part
of the injured party, but also the amount by which damages were increased by
such failure to mitigate.  Geotech Energy Corp. v. Gulf States Telecommunications
& Info. Sys., Inc., 788 S.W.2d 386, 390 (Tex. App.—Houston [14th Dist.]
1990, no writ).  

The trial court found that Baber received an offer to
mitigate damages by repairing or replacing the vacuum at no cost to her, but
failed to mitigate her damages.  Appellees presented evidence that both A-1 and
the vacuum cleaner manufacturer offered to replace the vacuum with a new vacuum
at no cost to Baber.  Baber argues that the trial court mischaracterized
Baber’s decision not to settle the dispute as a failure to mitigate damages. 
To the contrary, the offers of a new vacuum were made prior to the notice
letter being sent, and prior to suit being filed.  A-1 and the manufacturer
made the offers at the time Baber raised the issue of the vacuum not working properly. 
Both offers were made unconditionally, and neither party requested that Baber
release any claims in exchange for acceptance of the new vacuum.  Had Baber
accepted the offer of a new vacuum at the time it was made, she would not have
needed to hire an attorney or incur attorney’s fees.  The evidence supports the
trial court’s finding that Baber failed to mitigate her damages.  As such, she
is not entitled to recover under her DTPA cause of action.  See Pinson,
801 S.W.2d at 15.  Issues seven through fourteen, eighteen and nineteen are
overruled.

C.        Finding of
Groundless Lawsuit.

In issues fifteen through seventeen, Baber contends
her suit was not groundless, nor brought in bad faith or for harassment.  Appellees
filed a counterclaim for recovery of attorney’s fees and costs for defense of
Baber’s allegedly groundless suit as provided by section 17.50(c) of the Texas
Business and Commerce Code.  Groundlessness is defined as “no basis in law or
fact and not warranted by good faith argument for the extension, modification,
or reversal of existing law.”  Donwerth v. Preston II Chrysler-Dodge, Inc.,
775 S.W.2d 634, 637 (Tex. 1989).  Whether a suit is groundless or brought in
bad faith is a question of law for the trial court.  Donwerth, 775
S.W.2d at 637.  Our review of the trial court’s determinations under Section
17.50(c) is a question of law under an abuse of discretion standard.  Riddick
v. Quail Harbor Condominium Ass’n, Inc., 7 S.W.3d 663, 677–78 (Tex. App.—Houston
[14th Dist.] 1999, no pet.).  The standard for determining whether a suit is
groundless is “whether the totality of the tendered evidence demonstrates an
arguable basis in law or fact for the consumer’s claim.”  Splettstosser v.
Myer, 779 S.W.2d 806, 808 (Tex. 1989).

The trial court found, “[t]here was no basis in law or
in fact for the claims asserted by Plaintiff Dorothy Baber against Defendants
James Pigg and A-1 Vacuum Center, Inc.”  In its conclusions of law, the trial
court determined:

Plaintiff Dorothy Baber’s suit is groundless in fact or
law, or brought in bad faith, or brought for the purpose of harassment, in that
Plaintiff is attempting to prosecute her claims to recover for losses that
Plaintiff, as a result of her own failure to allow reasonable repairs and/or a
new replacement vacuum cleaner to be provided to her pursuant to multiple
offers by A-1 Vacuum Center, Inc. and the manufacturer’s Limited Warranty, is
entirely responsible.  Tex. Bus. & Com. Code Ann. § 17.50(c).

Viewing the totality of the tendered evidence, we
conclude the trial court abused its discretion in finding Baber’s suit was
groundless.  Ralph Pigg testified that Baber’s suit was frivolous because Baber
knew when she purchased the vacuum that “everything was above board and
everything.”  Baber, however, believed that a colorable claim existed. 
Although she failed to prove the vacuum was defective at the time it left the
store, she reasonably could have believed that it was and that A-1
misrepresented the vacuum to her.  Stated differently, the trial court, as fact
finder, was free to disbelieve Baber's testimony for purpose of the merits of
the suit.  However, such credibility call when viewed in context of all other
evidence, including evidence that Baber was the prevailing party in Justice
Court, does not support a finding that Baber's suit was groundless.  Baber’s
fifteenth through seventeenth issues are sustained.

III.      Conclusion

We conclude Baber’s claims are not groundless, and
modify the judgment to delete the award of attorney’s fees to appellees.  The
remainder of the trial court’s judgment is affirmed as modified.

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.









[1] In its conclusions of
law, the trial court found that Baber’s claim for breach of the implied
warranty of fitness for a particular purpose does not apply because the vacuum
was purchased to clean a residence, one of its ordinary functions.  On appeal,
Baber does not complain of this finding.